JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

AROGANT HOLLYWOOD

**DEFENDANTS**

christopher paul, joel d. keaton, cubesmart lp, & does 1-10

**(b)** County of Residence of First Listed Plaintiff   **LOS ANGELES**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **CHESTER**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

1308 East Colorado Blvd., Pasadena, CA 91106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
     Plaintiff
- [ ] 3  Federal Question
     *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
     Defendant
- [X] 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [X] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1983, 1985, 1986, 12203(b)

Brief description of cause:
Negligence, negligence per se, and gross negligence; Violation of Title III of the American Disabilities Act of 1990.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
83,000,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  6-6-2022

SIGNATURE OF ATTORNEY OF RECORD
*Arogant Hollywood*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Arogant Hollywood
1308 East Colorado Blvd.
Pasadena, CA 91106

Mobile: (323) 200-4449

Email: aroganthollywoodgenius@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE STATE OF PENNSYLVANIA
### EASTERN DISTRICT, PHILADELPHIA DIVISION

AROGANT HOLLYWOOD,

        Plaintiff,

    vs.

christopher paul marr, joel d. keaton, cubesmart lp,  and DOES 1-10

        Defendant(s),

**ORIGINAL CIVIL RIGHTS COMPLAINT**

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 1 of 84    *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

**VERIFIED ORIGINAL CIVIL RIGHTS COMPLAINT FOR GENERAL DAMAGES, COMPENSATORY DAMAGES, SPECIAL DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF for:**

**VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. §§ 1983, 1985 & 1986];VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE, & GROSS NEGLIGENCE.**

This lawsuit is brought due to violations by Defendants and Does 1-10, inter alia, violations of Plaintiff's constitutional civil rights. Defendants called the police on Plaintiff's fiancé Arogant and requested that Arogant Hollywood be trespassed, which traumatized Plaintiff. This incident demonstrated how Defendants worked in concert and joint participation with law enforcement, proving a prima facie case for Defendants being state actors.

Defendants were grossly negligent and showed no regard to the disabled Arogant Hollywood when they conspired to evict a Black man protected under the American Disabilities Act of 1990 without due process of law.

Defendants' conduct is and was a pattern and practice of intentional exclusion of an African American man, due to Plaintiff Arogant Hollywood's protected characteristics of race, and disability in direct violation of provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C. §§§§ 1981, 1983, 1985, and 1986, and the egregious actions undertaken by Defendants and/or those acting under their association or affiliation with Defendants against a Black man protected from discrimination under the above stated statutes, protected under the American Disabilities Act of 1990.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 2 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

All Defendants and Does 1-10's actions were done deliberately and intentionally with complete disregard of the welfare and civil rights of Arogant Hollywood, and therefore, Plaintiff is entitled to punitive damages against all Defendants.

Defendants are a let us do whatever the heck we want to people, violate their civil rights and let them sue us later CORPORATION.

If Plaintiff Arogant Hollywood had not of filed this lawsuit and requested an injunction all her individual property located at 301 Lemon Creek Drive , Unit # D293, Walnut, CA, would have been gone forever.

Plaintiff Arogant Hollywood is seeking **$ 75,000,000** in total damages and punitive damages to make an example out of Defendants who have violated civil rights of people of the United States far too many times, to count on two hands.

Separate lawsuits filed against Defendants in multiple federal district courts warrants the $ 75,000,000 in damages requested in this civil rights complaint. If Plaintiff had not of filed this lawsuit Defendants' illegal and unconstitutional disposal of Plaintiff's self-storage unit would have been just another day at the office. See *Ramon Pizarro v. Cubesmart* [**2:14-cv-05106-FMO-PLA, [ADA Civil Rights Complaint]**, Coleman v. CUBESMART **[1:16-cv-25009-JEM]**, and *KENDALL v. CUBESMART L.P.,* [**3:15-cv-06098-BRM-LHG**]

Plaintiff Arogant Hollywood seeks a declaration that Defendants violated his clearly established constitutional rights as set forth in this civil rights complaint; a declaration that Defendants' restriction on Plaintiff's speech violates the United States Constitution, and 42 U.S.C. § 1983, and nominal damages for the loss of Plaintiff's constitutional rights. Plaintiff Arogant Hollywood also seeks an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## I.    INTRODUCTION

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 3 of 84         *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Private persons, jointly engaged with state officials in a challenged action, are acting "under color of law for purposes of § 1983. *Dennis v. Sparks* 449 U.S. 24 (1980).

Plaintiff Arogant Hollywood was victimized by Defendants, their employees, their upper and district management, and their corporate upper management who acted under the color of state law by conspiring to employ the physical workforce of the Los Angeles County Sheriff's Department to physically remove Plaintiff from his Cubesmart self-storage property. Defendants' cold-hearted and heartless managers conspired to violate the civil rights of Plaintiff, threatened to have him trespassed and arrested from Cubesmart's real property self-storage facility and his self-storage unit, and all Cubesmart REIT managers conspired to dispose of Plaintiff's individual property illegally and unconstitutionally. Plaintiff Arogant Hollywood will be forever psychologically, mentally, and emotionally damaged by the wrongful conduct and actions of Defendants.

This is a civil rights action brought by Plaintiff Arogant Hollywood, a forty-three-year-old Black disabled male, pursuant to 42 U.S.C. §§ 12203, 1981, 1983, 1985, 1986, & 1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages and attorney's fees to vindicate profound deprivations of Plaintiff Arogant Hollywood's constitutional civil rights including but not limited to negligence, negligent per se, gross negligence, intentional infliction of emotional distress, and conversion

Plaintiff Arogant Hollywood suffered physical, mental, and emotional injuries as a result of Defendants' complete disregard to Plaintiff Arogant Hollywood's well-established constitutional rights. Plaintiff Arogant Hollywood has suffered emotionally and became severely depressed because he is worried that he will never again see his individual property located at 301 Lemon Creek Drive, Walnut, CA.

Plaintiff Arogant Hollywood suffered severe mental distress and anxiety when JOHN

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 4 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

DOE Cubesmart manager forced her to leave the property where her real property storage unit was located. Defendants' management demanded that Plaintiff Arogant Hollywood leave their facility even though Defendants' manager knew that Plaintiff Arogant Hollywood had done nothing wrong to warrant being kicked off Cubesmart property located at 301 Lemon Creek Drive, Walnut, CA 91758.

Plaintiff Arogant Hollywood suffered emotionally, psychologically, and mentally after Cubesmart Defendants have retaliated just because a disabled Arogant Hollywood stated that he would sue Cubesmart for violating his ADA rights by not making Walnut Cubesmart's self-storage facility restroom accessible to Plaintiff.

Caucasian Cubesmart Walnut employees conspired with Caucasian and/or Anglo Cubesmart self-storage facility tenants to remove Arogant Hollywood from the Walnut Cubesmart location without due process of law.

All Defendants' actions were deliberate, intentional, and done with evil intentions and complete disregard for Plaintiff Arogant Hollywood's constitutional civil rights.

## FEDERAL CIVIL COMPLAINT & JURY TRIAL DEMAND OF AROGANT HOLLYWOOD, INDIVIDUALLY

5.    Plaintiff **AROGANT HOLLYWOOD** individually bring this action against Defendants christopher paul marr, joel keaton, cubesmart lp, and DOES 1-10.

The Plaintiff Arogant Hollywood hereby alleges as set forth below:

## II.   SUBJECT MATTER JURISDICTION & ARTICLE III STANDING TO BRING FORTH THIS LAWSUIT

1.      To establish standings to maintain an action in federal district court, a plaintiff must allege: (1) injury in fact, (2) causation----"a fairly traceable connection between the plaintiff's harm and the complained of conduct of the defendant", and---------------(3) redressability -------"a likelihood that the requested relief will redress the alleged injury." See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

2.      The Supreme Court has explained that "the irreducible constitutional minimum' of standing consists of three elements." See *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting Lujan, 504 U.S. at 560). A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision.

3.      Plaintiff Arogant Hollywood is a forty-three-year-old disabled male that is a part of a protected class of United States citizens under the American Disabilities Act of 1990. Plaintiff Arogant Hollywood is protected under the American Disabilities Act of 1990 and has filed this lawsuit on her behalf to redress civil rights violations by Defendants. Plaintiff alleges that Defendants have conspired to interfere with his constitutional 14th amendment rights. Plaintiff Arogant Hollywood alleges that Defendants' employees and management personnel violated Plaintiff's 14th Amendment rights. Plaintiff alleges that Defendants have discriminated against Plaintiff in violation of U.S.C. § 1981 and the American Disabilities Act of 1990. Plaintiff Arogant Hollywood alleges that Defendants have conspired to interfere with Plaintiff's constitutional 14th amendment rights by using unconstitutional and illegal business tactics to trespass, revoke access to, executive a commercial self-storage eviction in direct violation of the

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 6 of 84         *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

14th Amendment and AB-1108 Chapter 273, falsify legal documents and refuse to grant Plaintiff access to his Cubesmart real property self-storage unit. Plaintiff Arogant Hollywood alleges that Defendants have conspired to interfere with Plaintiff's constitutional 14th amendment rights by using unconstitutional and illegal business tactics to dispose of all her individual property and by blocking his access to both his unit and the Walnut Cubesmart's restroom. Plaintiff Arogant Hollywood hereby alleges that Defendants violated ADA federal laws and state laws by deliberately failing to keep their restrooms open during business hours and maintain a handicap accessible lift that was readily achievable and that would have allowed Plaintiff's fiancée to access her individual property located at located at 301 Lemon Creek Drive, Walnut, CA.

4.    Plaintiff Arogant Hollywood hereby alleges that Defendants' violated ADA laws by his self-storage unit being inaccessible. Plaintiff Arogant Hollywood hereby alleges that Defendants violated ADA laws by turning a blind eye when their Cubesmart self-storage managers and employees deliberately blocked Plaintiff access to his self-storage unit (Units # D293) on numerous occasions. Plaintiff Arogant Hollywood hereby alleged that Defendants deliberately violated ADA laws by making access to their Cubesmart Walnut self-storage facility's restroom and office inaccessible.

## III.    PARTIES TO THE ACTION

5.    Plaintiff **AROGANT HOLLYWOOD (hereinafter "Plaintiff Hollywood" or "Hollywood")** is currently a resident of Los Angeles County, California. During the present time of the filing of this civil rights complaint and during the civil rights violations alleged herein. Plaintiff Hollywood was a disabled and homeless individual living within the county of Los Angeles, and within the city limits of South Pasadena, Arcadia, and Monrovia. At all relevant times stated throughout this federal civil rights complaint Plaintiff Hollywood was a California state homeless resident and was lawfully storing individual property on Cubesmart

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 7 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

private property located at 301 Lemon Creek Drive, Walnut, CA.

6.    At all relevant times in this lawsuit Arogant Hollywood's due process rights were violated while he was renting and storing at Cubesmart's Walnut, CA self-storage facility location.

7.    At all relevant times, all Los Angeles County and state of California Defendants were responsible for the violation of Arogant Hollywood's constitutional 1st and 14th Amendment civil rights, and at all relevant times stated throughout this lawsuit those Defendants acted under color of law.

8.    At all times relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America.

9.    Plaintiff Hollywood has an interest in this lawsuit through his redress of civil rights violations by Defendants, and through Defendants' discrimination that is forbidden by Title III of the American Disabilities Act of 1990.

10.    Plaintiff Hollywood is a proper and appropriate party to this federal district court lawsuit through his residency of the state of California, and his naturalization of the United States of America. Plaintiff Hollywood has an interest in this lawsuit because Defendants all are responsible for the mental, psychological, and emotional harm Plaintiff Arogant Hollywood suffered at the unclean hands of Cubesmart employees, contracted employees, managers, and executives.

11.    Plaintiff **AROGANT HOLLYWOOD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").

12.    Plaintiff **AROGANT HOLLYWOOD** is a "person with physical disabilities", as defined by all applicable United States constitutional laws. Plaintiff Arogant Hollywood is legally blind in his right eye. Plaintiff Hollywood is emotional, psychologically, and mentally disabled. Hollywood suffers from mental illnesses anxiety, depression, bipolar, and anti-personality disorder. Hollywood has been hospitalized at hospital psychiatric units for his severe mental health illnesses over ten times in just the year 2021. Prior to 2021 Hollywood was hospitalized for mental health issues in an actual psychiatric hospital on at least three separate occasions.

13.    Plaintiff **AROGANT HOLLYWOOD** is therefore a member of the protected class of United States of America that are protected under both Title II and Title VI of the Civil Rights Act of 1964. Plaintiff Arogant Hollywood is protected from harm by all Defendants pursuant to Title III of the American Disabilities Act of 1990.

14.    Defendant **CHRISTOPHER PAUL MARR [hereinafter "Defendant Paul" or Defendant Christopher Marr"]** is a 55-year-old Caucasian businessperson. Defendant Paul serves as the President, Chief Executive Officer, and Trustee of Defendant Cubesmart LP. Defendant Paul has been an executive at Cubesmart since 2008, and then became the C.E.O. sometime in 2008. The estimated net worth of Defendant Paul is at least $ 26.2 million dollars

---

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 9 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

as of August 20, 2021. Defendant Paul owns over an enormous number of Cubesmart stock worth over $ 20,843,672. Defendant Paul makes $ 5,357,600 a year as the President, Chief Executive Officer, and Trustee of Cubesmart. Defendant Christopher Paul Marr is hereby sued in both his official capacity as a Cubesmart executive and in his personal capacity as a citizen of the United States of America. Defendant Paul is being sued because he conspired with other named and unnamed Defendants to violate the civil rights of Arogant Hollywood. Defendant Paul lives and works in the greater Philadelphia metropolitan area.

15.    Defendant **JOEL D. KEATON [hereinafter "Defendant Keaton" or "Defendant Joel D. Keaton"]** is a 50-year-old Caucasian businessperson. Defendant Keaton serves as the Chief Operating Officer of Defendant Cubesmart LP. Defendant Keaton has been an executive at Cubesmart since 2015. The estimated net worth of Defendant Keaton is at least $ 4.06 million dollars as of May 11, 2021. Defendant Keaton owns over 15,132 units of Cubesmart stock worth over $ 2,797,240. Defendant Keaton makes $ 1,263,980 a year as the Chief Operating Officer of Cubesmart. Defendant Keaton is hereby sued in both his official capacity as a Cubesmart executive and in his personal capacity as a citizen of the United States of America. Defendant Keaton is being sued because he conspired with other named and unnamed Defendants to violate the civil rights of Arogant Hollywood. Defendant Keaton lives and works in the greater Philadelphia metropolitan area.

16.    Defendant **CUBESMART LP [hereinafter "Defendant Cube" or "Defendant Cubesmart"]** is a state of Delaware limited partnership corporation that is owned and operated by the publicly traded Real Estate Investment Trust Cubesmart. Cubesmart LP is headquartered in Malvern, PA. Defendant Cube's  State of Delaware corporation file number is **2647415.** Under Delaware state law Defendant Cube can be served a copy of Plaintiff's summons and complaint at The Corporation Trust Company, **1209 Orange Street, Wilmington, DE 19801**.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 10 of 84      *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Defendant Cubesmart LP is being sued because it conspired with other named and unnamed Defendants to violate the civil rights of Arogant Hollywood. Defendant Cubesmart LP is being sued because it is the employer of Defendants Joel Keaton and Christopher Paul Marr. Cubesmart LP is owned by publicly traded Cubesmart REIT. Cubesmart REIT is self-administered and self-managed. The publicly trade company's self-storage properties are designed to offer affordable, easily accessible, and secure storage space for residential and commercial customers. Cubesmart is one of the top three owners and operators of self-storage properties in the United States. Cubesmart is headquartered and operated in the city of Malvern, PA, which is in Chester County.

17.    Plaintiff in some manner for the events, happenings, and contention referred to in this civil rights complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

18.    Plaintiff Arogant Hollywood is informed and believe and thereon alleges that each Defendant, including DOES 1 through 10 was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged in this civil rights complaint were proximately caused by those defendants.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 11 of 84      AROGANT HOLLYWOOD v. chistopher p. marr., et al

19.     The allegations of this civil rights complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Such as the issuance of subpoenas duces tecum, the taking of oral depositions, Requests for Admission and Special Interrogatories. All which Plaintiff Hollywood intends to conduct after her Rule 26(f) conference.

20.     At all times relevant to the subject matter of this litigation, John and Jane Doe Defendants were citizens of the United States and residents of the state of California, the state of Utah, and were acting under color of state law in their official capacities as employees of the County of San Bernardino.

21.     Each of the Defendants, their employees, and agents, participated personally or indirectly in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiff Alison Helen Fairchild. Each Defendant acted in concert with each other. The challenged acts caused the violations of Plaintiff's civil rights.

## IV.     CONTINUING VIOLATIONS

22.     The wrongful acts and omissions giving rise to the Defendants' liability in this action commenced on or about May 20, 2022 and has been and are "continuing" in nature as of the date of filing of this civil rights complaint. Plaintiff Arogant Hollywood therefore reserves the right to amend his civil rights complaint as new and additional facts and claims arise or become known to Plaintiff.

## V.     JURISDICTION AND VENUE

---

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 12 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

23.    This action arises from a violation, inter alia, of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, 12203, *et seq.*, discrimination in violation of the Civil Rights Act of 1964, Title II of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

24.    Plaintiff Hollywood seeks redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court. Plaintiff alleges that Defendants acted under the color of state law, and in addition violated Plaintiff's rights to make and enforce contracts. This court has jurisdiction because Plaintiff alleges not only a violation of his constitutional civil rights, but Plaintiff makes allegations of violation of his 14th Amendment rights as well.

25.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331.

26.    This Court has original jurisdiction over all Defendants pursuant to 28 U.S.C. § 1343(a)(1)-(2).

27.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff Arogant Hollywood is a citizen of the state of California, all Defendants are citizens of the state of Pennsylvania, and the damages demanded against all Defendants exceed the monetary amount of $ 75,000.

28.    This Court is authorized to provide Plaintiff Hollywood with declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

29.    This Court is authorized to provide Plaintiff Hollywood with declaratory, preliminary, and injunctive relief pursuant to 28 U.S.C. § 2201(a).

30.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, & DOES 1-10's all live, work, and are physically located in the state of Pennsylvania.

31.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendant Cubesmart LP is headquartered in the state of Pennsylvania. Additionally, the state of Pennsylvania is in fact the *"Nerve Center"* of Defendant Cubesmart LP business functions, where most of its operations are headquartered, where the majority of its companies' executive and administrative functions are performed, and where most of Cubesmart's revenue is generated. See *Hertz Corp. v. Friend,* 559 U.S. 77 (2010) at 436.

.

32.   Plaintiff Arogant Hollywood reserve him right to amend this civil rights complaint to include state cause of actions against all government Defendants for negligent intentional infliction of emotional distress, negligence, gross negligence, civil conspiracy, negligence per se, and any other claims for relief related to the allegations stated throughout this civil rights complaint.

## VI.   INTRADISTRICT ASSIGNMENT

Assignment of this case to the Philadelphia Division of the United States District Court, Eastern District of Pennsylvania is appropriate pursuant to Local Rule 40.1(a)(2) because this action arises based upon the constitutional violations of Defendants that all live, work, and are physically located in the county of Chester.

## VII.   <u>ALLEGATIONS OF THIS CIVIL RIGHTS COMPLAINT ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD</u>

33.   Cubesmart LP is under the jurisdiction of State of Delaware.

---

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 14 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

34.    Cubesmart LP was incorporated in the state of Delaware on July 25, 1996.

35.    All Cubesmart self-storage facilities are owned, operated, managed, overseen, licensed, and leased by Cubesmart and all named Cubesmart Defendants.

36.    Cubesmart's world-wide headquarters is located at 5 Old Lancaster Road, Malvern, PA 19355.

37.    All named Cubesmart Defendants live, work, and are physically located in Chester County.

38.    Defendants Paul, Keaton, and Cube own, operate, lease, manage, and oversee all self-storage facility business operations of the Cubesmart located at 301 Lemon Creek Drive, Walnut, CA 91789.

39.    The Cubesmart corporation and Defendants Cube, Keaton, and Paul under respondeat superior and 42 U.S.C. § 1986 knew about and are all fully responsible for the civil rights violations by their 301 Lemon Creek Drive, Walnut, California employees, managers, supervisors, district managers, and regional managers.

40.    Pursuant to Title III of the American Disabilities Act of 1990 all United States based Cubesmart self-storage facilities are a place of public accommodation.

41.    Pursuant to 42 U.S.C. § 12181(7)(E) all United States based Cubesmart self-storage locations are a place of public accommodation.

42.    Pursuant to Title VI of the Civil Rights Act of 1964 all United States based Cubesmart

self-storage facilities are a place of public accommodation because Cubesmart receives government small business loans, USDA loans, and construction loans to build, manage, and operate its U.S. based Cubesmart self-storage facilities.

43.     Pursuant to 42 U.S.C. § 2000d *et seq* all United States based Cubesmart self-storage facilities are a place of public accommodation because Cubesmart receives government small business loans, USDA loans, and construction loans to build, manage, and operate its U.S. based Cubesmart self-storage facilities.

42.     Located on the outside front door or windows of each retail rental office of all U.S. based Cubesmart self-storage facility locations is a ubiquitous ADA symbol consisted of a blue square overlaid in white with a stylized image of a person using a wheelchair.

43.     Located on the inside of front doors, windows, and restrooms of each U.S. based Cubesmart self-storage facility locations is a ubiquitous ADA symbol consisted of a blue square overlaid in white with a stylized image of a person using a wheelchair.

44.     Located on the outside front door or windows of each retail rental office of the Cubesmart self-storage facility located at 301 Lemon Creek Drive, Walnut, CA is a ubiquitous ADA symbol consisted of a blue square overlaid in white with a stylized image of a person using a wheelchair.

45.     Located on the inside of front doors, windows, and restrooms of the Cubesmart self-storage facility located at 301 Lemon Creek Drive, Walnut, CA is a ubiquitous ADA symbol consisted of a blue square overlaid in white with a stylized image of a person using a wheelchair.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 16 of 84          *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

46.    Pursuant to 42 U.S.C. § 12182 Cubesmart is prohibited from discriminating against any individuals protected under Title III of the American Disabilities Act of 1990.

47.    Pursuant to 42 U.S.C. § 2000a Cubesmart corporation is prohibited from discriminating against any individual protected under Title III of the American Disabilities Act of 1990.

48.    Pursuant to 42 U.S.C. § 2000a Cubesmart corporation is prohibited from discriminating against any individual protected under Title VI of the Civil Rights Act of 1964.

49.    Pursuant to 42 U.S.C. § 12203(b) Cubesmart Defendants are prohibited from discriminating against any individual that is protected under Title III of the American Disabilities Act of 1990.

50.    Plaintiff Arogant Hollywood is legally blind in his right eye.

51.    Plaintiff Hollywood is physically, psychologically, emotionally, and mentally disabled.

52.    Plaintiff Arogant Hollywood suffers from mental health illnesses anxiety, depression, bipolar, and antisocial personality disorders.

53.    Plaintiff Arogant Hollywood has been hospitalized in psychiatric hospitals and facilities for his severe mental health illnesses over fourteen times since July 2021.

54.    Defendants Cubesmart LP, Joel D. Keaton, Christopher Paul Marr, and DOES 1-10 all conspired to violate Hollywood's constitutional 1st amendment rights by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named

Arogant Hollywood.

55.    Defendants Cubesmart LP, Joel D. Keaton, Christopher Paul Marr, and DOES 1-10 all conspired to violate Hollywood's constitutional 14th amendment rights by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named Arogant Hollywood.

56.    Defendants Cubesmart LP, Joel D. Keaton, Christopher Paul Marr, and DOES 1-10 all conspired to violate Hollywood's constitutional civil rights pursuant to Title VI of the Civil Rights Act of 1964 by having a meeting of minds to cause intentional emotional and

psychological harm to a disabled Black man named Arogant Hollywood.

57.    Defendants Cubesmart LP, Joel D. Keaton, Christopher Paul Marr, and DOES 1-10 all conspired to violate Hollywood's constitutional civil rights pursuant to Title III of the American Disabilities Act of 1990 by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named Arogant Hollywood.

58.    Between May 19, 2022, and June 3, 2022, Cubesmart corporation Defendants Keaton and Paul ignored numerous emails sent to them by Hollywood that warned them of legal action being taken against them based on their 301 Lemon Creek Drive, Walnut, Ca employees and managers violating Hollywood's constitutional civil rights.

59.    All Cubesmart corporation Defendants and their 301 Lemon Creek Drive, Walnut, CA employees and managers acted under the color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional 1st amendment rights.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 18 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

60.    All Cubesmart corporation Defendants and their 301 Lemon Creek Drive, Walnut, CA employees and managers acted under the color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional 14th amendment rights.

61.    All Cubesmart corporation Defendants and their 301 Lemon Creek Drive, Walnut, CA employees and managers acted under the color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional civil rights protected under Title VI of the Civil Rights Act of 1964.

62.    All Cubesmart corporation Defendants and their 301 Lemon Creek Drive, Walnut, CA employees and managers acted under the color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional civil rights protected under Title III of the American Disabilities Act of 1990.

63.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood being discriminated against at Defendants' 301 Lemon Creek Drive, Walnut, CA self-storage facility.

64.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to access the Walnut, CA Cubesmart's ADA accessible restroom.

65.    Beginning on May 18, 2022 and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's ADA civil rights by failing to modify

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 19 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to bring his disabled women to his self-storage facility so that she could access her personal property located inside of Hollywood's self-storage facility.

66.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in a homeless and disabled Hollywood to not be allowed to remain at his self-storage facility for a substantial amount of needed time.

67.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's 14th Amendment rights by denying him access to his Cubesmart self-storage unit between May 29, 2022, and June 3, 2022.

68.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's 14th Amendment rights by disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

69.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's Department to deny Hollywood access to his self-storage unit, D293.

69.    Beginning on May 18, 2022, and continuing until this present day, Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 20 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

70. Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's ADA civil rights by retaliating against Hollywood after Hollywood threatened to sue Defendants on May 29, 2022, for failing to unlock their Cubesmart Walnut, CA ADA accessible restroom.

71. Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's 1st constitutional rights by retaliating against Hollywood by blocking him access to his self-storage unit between May 29, 2022, and June 3, 2022.

72. Defendants Cube, Paul, Keaton, and DOES 1-10 violated Hollywood's 1st constitutional rights by retaliating against Hollywood by disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

73. Plaintiff Arogant Hollywood has suffered emotionally, physically, psychologically, and mentally due to the disability discrimination by Defendants Cube, Paul, Keaton, DOES 1-10 and all Cubesmart 301 Lemon Creek Drive, Walnut, CA employees and managers.

74. Plaintiff Arogant Hollywood has suffered emotionally, physically, psychologically, and mentally due to the racial discrimination by Defendants Cube, Paul, Keaton, DOES 1-10 and all Cubesmart 301 Lemon Creek Drive, Walnut, CA employees and managers.

75. Plaintiff Arogant Hollywood has suffered emotionally, physically, psychologically, and mentally due to the harassment, threats of violence, and other mistreatment by Defendants Cube, Paul, Keaton, DOES 1-10 and all Cubesmart 301 Lemon Creek Drive, Walnut, CA employees and managers.

76. Defendants Cube, Paul, and Keaton and DOES 1-10 encouraged, aided, cheered, indirectly participated, supported, tolerated, allowed, consented to, acquiesced, and ratified threats of violence upon Plaintiff Arogant Hollywood that was done and orchestrated by

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 21 of 84    *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

employees of the Cubesmart corporate self-storage facility located at 301 Lemon Creek Drive, Walnut, California.

**FIRST CLAIM FOR RELIEF---RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP, & DOES 1-10.**

77.    Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-76 above.

78.    Plaintiff Arogant Hollywood is disabled within the means of ADA due to his severe mental illnesses and disorders.

79.    Plaintiff Arogant Hollywood engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from Defendants Cube, Paul, and Keaton.

80.    42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed… any right granted or protected by this Chapter."

81.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by having a meeting of minds to

cause intentional emotion and psychological harm to a disabled Black man named Arogant Hollywood.

82.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by acting under color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's 14th amendment right.

83.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by acting under color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional civil rights protected under Title III of the American Disabilities Act of 1990.

84.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by ignoring numerous emails sent to them by Hollywood that warned them of legal action being taken against them based on their 301 Lemon Creek Drive, Walnut, Ca employees and managers violating Hollywood's constitutional civil rights.

85.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood being discriminated against at Defendants' 301 Lemon Creek Drive, Walnut, CA self-storage facility.

86.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to access the

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 23 of 84       *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Walnut, CA Cubesmart's ADA accessible restroom.

87.    Defendants Cube, Paul, Keaton,  and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to bring his disabled women to his self-storage facility so that she could access her personal property located inside of Hollywood's self-storage facility.

88.    Defendants Cube, Paul, Keaton,  and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by failing to modify Cubesmart's corporate policies and procedures that resulted in a homeless and disabled Hollywood to not be allowed to remain at his self-storage facility for a substantial amount of needed time.

89.    Defendants Cube, Paul, Keaton,  and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by denying him access to his self-storage facility between May 29, 2022, and June 3, 2022.

90.    Defendants Cube, Paul, Keaton,  and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

91.    Defendants Cube, Paul, Keaton,  and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by conspiring with the Los Angeles County Sheriff's Department to deny Hollywood access to his self-storage unit, D293.

92.    Defendants Cube, Paul, Keaton,  and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by conspiring with the Los Angeles

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 24 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

93.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by retaliating against Hollywood after Hollywood threatened to sue Defendants on May 29, 2022, for failing to unlock their Cubesmart Walnut, CA ADA accessible restroom.

94.    Plaintiff Arogant Hollywood has suffered emotionally, physically, psychologically, and mentally due to the disability discrimination by Defendants Cube, Paul, Keaton, DOES 1-10 and all Cubesmart 301 Lemon Creek Drive, Walnut, CA employees and managers.

95.    Defendants Cube, Keaton, Paul and DOES 1-10 violated U.S.C. § 12203 by intentionally failing to instruct their employees to not unlock the 301 Lemon Creek Drive restrooms, which resulted in Hollywood urinating on himself on at least three separate occasions between May 29, 2022, and June 3, 2022.

96.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by conspiring and threatening to use unlawful self-help tactics that included law enforcement assisting them with Defendants planned and conspired forced removal, criminal trespass, expulsion, and blocked access to his self-storage unit, D293 between May 29, 2022, and June 2, 2022.

97.    Defendants Cube, Paul, Keaton, and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of a disabled Hollywood by retaliating against Hollywood because he complained about the many ADA violations that both he and his fiancée Alison Helen Fairchild encountered and discovered throughout Defendants' Cubesmart Walnut, CA self-storage facility.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 25 of 84    *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

98.    As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Arogant Hollywood has suffered and continues to suffer emotional distress, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other damages in an amount to be determined according to proof at the time of trial.

99.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Arogant Hollywood has suffered and continues to suffer from tightness in his chest, headaches, stomach aches, stomach cramps, and migraines.

100.    As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Arogant Hollywood has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

101.    As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Arogant Hollywood has suffered and continues to suffer emotional distress, depression, panic attacks, anxiety, insomnia, a complete disruption of his life, and other damages in an amount to be determined according to proof at the time of trial.

102.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Arogant Hollywood has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

103.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 on the first claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 26 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

**SECOND CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP, & DOES 1-10**

104.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-103.

105.    On information and belief, and each of them, engaged in an illegal conspiracy to interfere with Plaintiff Arogant Hollywood's civil rights in violation of 42 U.S.C. § 1985.

106.    Defendants Cube, Keaton, Paul, & DOES 1-10 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

107.    On information and belief Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 each of them, engaged in an illegal conspiracy to interfere with Plaintiff Arogant Hollywood civil rights in violation of 42 U.S.C. § 1985.

108.    Specifically, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

109.    As alleged herein, Defendants Paul, Keaton, Cube, and DOES 1-10 maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiff Arogant Hollywood.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 27 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

110.   Defendants Paul, Keaton, Cube, and DOES 1-10 § 1985 by each of them participating in plans and conspiracies to file criminal charges, physically harm Plaintiff, failing to keep him safe, failing assist him after he had been physically, emotionally, mentally, and psychologically harmed, by interfering with his constitutional civil rights, and many other conspiracies stated herein and throughout this civil rights complaint.

111.   By engaging in these conspired acts together, and with multiple conspirators involved, all Defendants Paul, Keaton, Cube, and DOES 1-10 deprived Plaintiff Arogant Hollywood of his constitutional civil rights under Title II of the Civil Rights Act of 1964, and pursuant to Title III of American Disabilities Act of 1990.

112.   By doing all the above,  Defendants Paul, Keaton, Cube, and DOES 1-10 & DOES 1-10 violated Plaintiff Arogant Hollywood's civil rights pursuant to 42 U.S.C. § 1985(3), and all of evil, cruel, malicious, and discriminatory acts were done solely, and specifically based on Plaintiff Hollywood's disability.

113.   Defendants Paul, Keaton, Cube, and DOES 1-10, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiff Arogant Hollywood as described in this civil rights complaint.

114.   On information and belief Defendants Paul, Keaton, Cube, and DOES 1-10, combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

115.   On information and belief Defendants Paul, Keaton, Cube, and DOES 1-10 to engage in a scheme which was intended to violate the civil rights of Arogant Hollywood.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 28 of 84       *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

116.    On information and belief Plaintiff Hollywood avers that Defendants Paul, Keaton, Cube, and DOES 1-10 to combined to engage in a scheme which was intended to violate the rights of the public-at-large.

117.    The facts, evidence and legal conclusion set forth in this instant civil rights complaint supports that Defendants Paul, Keaton, Cube, and DOES 1-10 (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiff Arogant Hollywood. (b) engaged in conspiracy(ies) to deter, intimidate, and threaten Plaintiff Arogant Hollywood from engaging in protected activities, i.e., warning corporations about racist and disability bias employees, conspiring to not respond to important emails that alleged ADA and civil rights violations, retaliating for exercise of 1st amendment rights of freedom of speech, conspiring to physically arrest Hollywood prior to June 2, 2022, engaging in conduct that violated Hollywood's civil rights, conspiring to both arrest and trespass Hollywood from Cubesmart Walnut, California self-storage facility.
(c) engaged in conspiracy(ies) which resulted in injury/harm to Plaintiff Arogant Hollywood.

118.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated the rights of Plaintiff Hollywood for personal reasons, and Defendants demonstrated bias towards Plaintiff Hollywood. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants' engagement in systematic racial bias and disability bias, discriminatory and retaliatory practices against Arogant Hollywood because of his race (African American/Black), and because of Plaintiff's clearly apparent psychological, physical, emotional, and mental disabilities.

119.    Because of Defendants Paul, Keaton, Cube, and DOES 1-10's knowledge of Plaintiff Hollywood's engagement in protected activities, and because of Defendants' systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiff Arogant Hollywood's engagement in protected

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 29 of 84         *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

activities, warning Cubesmart corporate headquarters and executives about racist and disability bias Cubesmart employees and managers, conspiring to not respond to important emails that alleged ADA and civil rights violations, retaliating for exercise of 1st amendment rights of freedom of speech., and Plaintiff Hollywood's exercising of his constitutional civil rights, all Defendants thereby conspired to deprive Plaintiff Arogant Hollywood of his constitutional civil rights secured and guaranteed under the Constitution and other laws of the United States.

120.    Defendants Paul, Keaton, Cube, and DOES 1-10 combined to violate the civil and constitutional rights of Plaintiff Arogant Hollywood.

121.    Defendants Paul, Keaton, Cube, and DOES 1-10's all directly or indirectly participated in the physical, psychological, emotional, and mental harm that happened to Arogant Hollywood.

122.    Defendants Paul, Keaton, Cube, and DOES 1-10 & DOES 1-10 all participated in a conspiracy to intentionally discriminate against Plaintiff Hollywood.

127.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named Arogant Hollywood.

128.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by ignoring numerous emails sent to them by Hollywood that warned them of legal action being taken against them based on their 301 Lemon Creek Drive, Walnut, Ca employees and managers violating Hollywood's constitutional civil rights.

129.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by conspiring

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
−Page 30 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional 1st, 4th, 14th amendment rights, Hollywood rights protected under Title VI of the Civil Rights Act of 1964, and Hollywood rights protected under Title III of the American Disabilities Act of 1990.

130.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to fail deliberately and intentionally to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to access the Walnut, CA Cubesmart's ADA accessible restroom.

131.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to deliberately and intentionally failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to bring his disabled women to his self-storage facility so that she could access her individual property located inside of Hollywood's self-storage facility.

132.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to deliberately and intentionally failing to modify Cubesmart's corporate policies and procedures that resulted in a homeless and disabled Hollywood to not be allowed to remain at his self-storage facility for a substantial amount of needed time.

133.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to violate Hollywood's 14th Amendment rights deliberately and intentionally by denying him access his Cubesmart self-storage unit between May 29, 2022, and June 3, 2022.

134.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to violate Hollywood's 14th Amendment rights deliberately and intentionally by disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3,

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 31 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

2022.

135.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to violate Hollywood's 14th Amendment rights deliberately and intentionally by conspiring with the Los Angeles County Sheriff's Department to deny Hollywood access to his self-storage unit, D293.

136.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to violate Hollywood's 14th Amendment rights deliberately and intentionally by conspiring with the Los Angeles County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

137.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to violate Hollywood's 14th Amendment rights deliberately and intentionally by retaliating against Hollywood by disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

138.    Defendants Paul, Keaton, Cube, and DOES 1-10 violated 42 USC § 1985 by having a meeting of minds to violate Hollywood's 14th Amendment rights deliberately and intentionally by retaliating against Hollywood by blocking him access to his self-storage unit between May 29, 2022, and June 3, 2022.

139.    For all the above stated reasons, Defendants Paul, Keaton, Cube, and DOES 1-10 are liable for damages to Plaintiff for their joint and equal violation of 42 U.S.C. § 1985.

140.    Defendants Paul, Keaton, Cube, and DOES 1-10 actions, conduct and behavior were

demonstrated to be part of a class-based invidiously discriminatory animus when Defendants failed to stop their Cubesmart Walnut, California self-storage facility employees from discriminating against Plaintiff Arogant Hollywood based on his race.

141.    Defendants Paul, Keaton, Cube, and DOES 1-10's actions, conduct and behavior were demonstrated to be part of a class-based invidiously discriminatory animus when Defendants failed to stop their Cubesmart Walnut, California self-storage facility employees from discriminating against Plaintiff Arogant Hollywood based on his physical, psychological, emotional, and mental disability.

142.    Defendants Paul, Keaton, Cube, and DOES 1-10's actions, conduct and behavior were demonstrated to be part of a class-based invidiously discriminatory animus when Defendants instructed their Cubesmart Walnut, California self-storage facility employees to deny Hollywood access to his self-storage unit and disable his gate code password.

142. ½ Defendants Paul, Keaton, Cube, and DOES 1-10's actions, conduct and behavior were demonstrated to be part of a class-based invidiously discriminatory animus when Defendants instructed their Cubesmart Walnut, California self-storage facility employees to fail intentionally and deliberately to keep the Cubesmart Walnut, California ADA bathroom always opened, especially during business hours of 8 a.m. to 6 p.m.

143.    Pursuant to Pennsylvania state and federal laws Plaintiff Arogant Hollywood hereby prays for and demands that the court award him compensatory damages, special damages, and general damages for all the above stated Defendants' intentional violations of 42 U.S.C. § 1985.

144.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 on the second claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 33 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

## THIRD CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1986 (NEGLECT TO PREVENT DEPRIVATION OF RIGHTS) ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP & DOES 1-10

145.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-144.

146.   This federal claim for relief is brought against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 pursuant to their intentional and willful violations of Plaintiff Hollywood's civil rights under 42 USC § 1986.

147.   Plaintiff Arogant Hollywood alleges that 42 U.S.C. § 1986 creates a claim for relief for the failure to prevent a conspiracy within the meaning of 42 U.S.C. § 1985:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

148.   An essential element of a claim under 42 U.S.C. § 1986 is the existence of a § 1985(3) claim. *Williams v. St. Joseph Hospital*, 629 F.2d 448, 451-452 (7th Cir. 1980).

149.   Plaintiff Arogant Hollywood avers that Defendants Christopher Paul Marr, Joel D.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
−Page 34 of 84          *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Keaton, Cubesmart LP, and DOES 1-10 did, in violation of 42 U.S.C. § 1986, with knowledge of the wrongs conspired to be done at the request and instruction of one or more of the Defendants, were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected or refused to do so, to wit: neglecting or refusing to prevent, with knowledge of a conspiracy to deprive, either directly or indirectly.

150.    Plaintiff Arogant Hollywood as a member of the disabled/handicapped protected class of people, the equal protection of the laws, and of the equal privileges and immunities under the laws.

151.    Plaintiff Arogant Hollywood as a member of the African American/Black protected class of people, the equal protection of the laws, and of the equal privileges and immunities under the laws.

152.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional 14th amendment rights and cause Hollywood deliberate emotional and psychological harm to a disabled Black man named Arogant Hollywood.

153.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional civil rights protected under Title VI of the Civil Rights Act of 1964, and cause Hollywood deliberate emotional and psychological harm to a disabled Black man named Arogant Hollywood.

154.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 35 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional civil rights protected under Title III of the American Disabilities Act of 1990, and cause Hollywood deliberate emotional and psychological harm to a disabled Black man named Arogant Hollywood.

155.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional 14th amendment rights acting under the color of law.

156.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional 14th amendment rights acting under the color of law.

157.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's rights protected under Title III of the American Disabilities Act of 1990 by failing to modify their Cubesmart corporate policies and procedures.

158.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional 14th amendment rights by disabling his gate code access to the Cubesmart Walnut, CA self-storage facility between May 29, 2022, and June 3, 2022.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 36 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

159.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 conspired with several of their Cubesmart Malvin, PA employees and 301 Lemon Creek Drive, Walnut, CA employees by having a meeting of minds to violate Hollywood's constitutional 14th amendment rights by denying Hollywood access to his self-storage unit, D293 between May 29, 2022, and June 3, 2022.

160.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 and several of their employees of both 301 Lemon Creek Drive, Walnut, California and Defendants' headquarters in Malvern, Pennsylvania, conspired to violate Plaintiff Arogant Hollywood's civil rights by having knowledge of their Cubesmart employees discriminating against Plaintiff Arogant Hollywood based on his race.

161.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 and several of their employees of both 301 Lemon Creek Drive, Walnut, California and Defendants' headquarters in Malvern, Pennsylvania, conspired to violate Plaintiff Arogant Hollywood's civil rights by having knowledge of their Cubesmart employees discriminating against Plaintiff Arogant Hollywood based on his physical, psychological, emotional, and mental disability.

162.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 and several of their employees of both 301 Lemon Creek Drive, Walnut, California and Defendants' headquarters in Malvern, Pennsylvania, conspired to violate Plaintiff Arogant Hollywood's civil rights by having knowledge of their Cubesmart employees discriminating against Plaintiff Arogant Hollywood by blocking his access to the Walnut, CA Cubesmart, and disabling Hollywood's gate code access to the self-storage facility.

163.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 and several of their employees of both 301 Lemon Creek Drive, Walnut, California and Defendants'

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 37 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

headquarters in Malvern, Pennsylvania, conspired to violate Plaintiff Arogant Hollywood's civil rights by having knowledge of their Cubesmart employees discriminating against Plaintiff Arogant Hollywood by violating Hollywood's 14th Amendment rights by employing the manpower of the violent and deadly Los Angeles County Sheriff's Department law enforcement agency.

164.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 violated 42 U.S.C. § 1986 by having knowledge of their employees of both 301 Lemon Creek Drive, Walnut, California and Defendants' headquarters in Malvern, Pennsylvania violating Hollywood's civil rights pursuant to Title VI of the Civil Rights Act of 1964.

165.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 violated 42 U.S.C. § 1986 by having knowledge of their employees of both 301 Lemon Creek Drive, Walnut, California and Defendants' headquarters in Malvern, Pennsylvania violating Hollywood's civil rights pursuant to Title III of the American Disabilities Act of 1990.

166.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, DOES 1-10 violated 42 U.S.C. § 1986 by having knowledge of every single one of the above stated civil rights violations yet deliberately failed to stop their Cubesmart employees' actions.

167.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, & DOES 1-10 failed to protect Plaintiff Hollywood from a conspiracy that was created to harm and injure Arogant Hollywood, violating **Title II of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.**

168.    Plaintiff Arogant Hollywood hereby alleges that Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, & DOES 1-10, and each and all of them, had knowledge of the §

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 38 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

1985 conspiracy(ies), the power to protect Plaintiff Arogant Hollywood, and neglected or refused to protect Plaintiff, and because of this Defendants, and each and all of them, are liable under § 1986.

169.    At least one or more Defendants were bystanders who many not themselves have been conspirators under § 1985 yet remain liable under § 1986. After all, those with knowledge of the underlying conspiracy puts them in the optimal position to prevent it. A negligent failure to protect by an actor with knowledge of a § 1985 conspiracy and power to protect its victims is actionable. **See** *Clark v. Clabaugh*, 20 F.3d 1290, 1298 (3d Cir. 1994) *(finding that negligence is sufficient to maintain § 1986).*

170.    Plaintiff Arogant Hollywood hereby allege that at least one or more of the Defendants could have stopped the conspiracy he or she was part of to violate Plaintiff's civil rights on at least one, if not more, occasion. Plaintiff Arogant Hollywood avers that the facts, evidence, and legal conclusions alleged in this civil rights complaint demonstrate that at least one or more Defendants had actual knowledge of the § 1985 conspiracy, that at least one or more of Defendants had the power to prevent or aid in preventing the commission of the § 1985 violations, that at least one or more of Defendants neglected or refused to prevent the § 1985 conspiracy, and that one or more wrongful act(s) was committed by the conspirators.

171.    For these reasons, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, & DOES 1-10 are all liable under 42 U.S.C. § 1986 for all damages that he or she could have prevented with reasonable diligence. *Clark v. Clabaugh*, 20 F.3d at 1298.

172.    **WHEREFORE,** Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 on the third claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 39 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

**FOURTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 1983 (Under the Color of State Law)—AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP & DOES 1-10.**

173.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-172.

174.    The Reconstruction Civil Rights Acts, enacted during the 1800s and 1870s, provide the right to bring an action in federal court for violations of federal civil rights by state or local officials, by private persons acting in concert with the state, or, in more limited situations, by private parties acting alone. The most important of these statutes is Section 1983. Section 1983 creates no substantive rights. Rather, it creates a vehicle for enforcing existing federal rights.

175.    A deprivation of Arogant Hollywood's federal rights by private citizens and private business entities Defendants Cube, Paul, Keaton, and DOES 1-10 constituted state action because the government had (1) participated in joint activity to a degree that the actions of Defendants could be attributed to the actions of the Los Angeles Sheriff's Department Walnut, California substation, and the Defendants' 301 Lemon Creek Drive, Walnut, CA Cubesmart self-storage facility.

176.    The joint activity by private individuals and business entities Defendants Cube, Paul, Keaton, and DOES 1-10 and local municipality government agency the Los Angeles Sheriff's Department, transformed all private Defendants into state actors.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 40 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

177.    Defendants Cube, Paul, Keaton, and DOES 1-10, and others established a conspiracy against Plaintiff Arogant Hollywood by reaching an understanding to deny Hollywood his constitutional civil rights. This understanding was done and conspired by Defendants conspiring with the Los Angeles County Sheriff's Department violate Hollywood's 14th amendment rights by denying Plaintiff physical access to his self-storage unit at 301 Lemon Creek Drive, Walnut, CA between May 29, 2022, and June 3, 2022.

178.    Defendants Cube, Paul, Keaton, and DOES 1-10, & DOES 1-10's goal and objective was to force Hollywood out of their 301 Lemon Creek Drive, Walnut, CA Cubesmart location and subject Plaintiff Hollywood to criminal arrest whenever he returned to the self-storage facility location.

179.    Plaintiff Arogant Hollywood hereby allege a conspiracy to violate his constitutional civil rights because an agreement was made between Defendants Cube, Paul, Keaton, and DOES 1-10, and local governmental municipality agency Los Angeles County Sheriff's Department.

180.    Defendants and government officials were actors in conspiracy, and all actors were all in a mutual agreement that they would physically remove Plaintiff Hollywood from the Cubesmart location located at 301 Lemon Creek Drive, Duarte, CA between May 29, 2022, and June 3, 2022.

181.    Defendants Cube, Paul, Keaton, and DOES 1-10and government officials were all in agreement that they would violate Hollywood's ADA and Title VI of the Civil Rights Act of 1964 rights by wrongfully blocking Hollywood from entering the Cubesmart self-storage facility located at 301 Lemon Creek Drive, Walnut, CA between May 29, 2022, and June 3, 2022.

182.    Defendants Cube, Paul, Keaton, and DOES 1-10 and government officials were all in

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 41 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

agreement that they would violate Hollywood's 14th Amendment rights by wrongfully blocking Hollywood from entering the Cubesmart self-storage facility located at 301 Lemon Creek Drive, Walnut, CA between May 29, 2022, and June 3, 2022.

183.    Therefore, the involvement of Defendants Cube, Paul, Keaton, and DOES 1-10 with a planned, conspired, and executed criminal trespass of Plaintiff Hollywood between May 20, 2022, and June 2, 2022, only, and with the cooperation of the Los Angeles County Sheriff's Department, demonstrated a mutual agreement, and a meeting of minds to violate Arogant Hollywood's constitutional rights, and all these actions and plans of Defendants constituted a federal rights violation conspiracy under 42 U.S.C. § 1983.

184.    Therefore, the involvement of Defendants Cube, Paul, Keaton, and DOES 1-10 with a planned, conspired, and executed criminal arrest of Plaintiff Hollywood, and with the cooperation of the Los Angeles County Sheriff's Department, demonstrated a mutual agreement, and a meeting of minds to violate Arogant Hollywood's constitutional rights, and all these actions and plans of Defendants constituted a federal rights violation conspiracy under 42 U.S.C. § 1983.

185.    Plaintiff Hollywood has proven a prima facie case for private Defendants Cube, Paul, Keaton, and DOES 1-10 joint participation with the Los Angeles County Sheriff's Department to violate Plaintiff's civil rights.

186.    As a direct and proximate result of Defendants Cube, Paul, Keaton, and DOES 1-10 violation of Arogant Hollywood's constitutional rights pursuant to Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990, Plaintiff Hollywood has suffered numerous violations to his constitutional civil rights, and he is therefore hereby entitled to recover compensatory damages, special damages, and general damages in an amount

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 42 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

according to proof.

187.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Cube, Paul, Keaton, and DOES 1-10. Plaintiff Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

188.    As alleged herein, Defendants Cube, Paul, Keaton, and DOES 1-10 were guilty of oppression and fraud, and Plaintiff Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants in an amount according to proof.

189.    As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Arogant Hollywood sustained injuries and damages including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, and mental anguish.

190.    Defendants Cube, Paul, Keaton, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

191.    Where a liability arises against both a master and his servant in favor of a party injured by the sole negligence of the latter while acting for the master, such injured party may sue either the servant, primarily liable, or the master, secondarily liable, or both, in separate actions, as a judgment in his favor against one, until satisfied, is no bar to an action against the other, the injured party being entitled to full satisfaction from either the master or servant or from both. See *Wills v. Coal Co.*, 97 W. Va. 476 (W. Va. 1924) at p. 478, 53 **Am Jur 2d, Master and**

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 43 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

**Servant, § 408, pp. 416-418, 92 ALR2d 533, § 3(b) pp. 539-540,** *Mid-Continent Pipeline Co v. Crauthers*, 267 P.2d 568 (Okla, 1959),

192.    Under the doctrine of respondeat superior, a master is liable for injury for the person or property of another proximately resulting from the acts of his servant done within the scope of his employment in the master's service.' See **57 CJS, Master and Servant, § 570a, p.294.**

193.    "The master will be liable for injuries to third persons willfully and wantonly inflicted by a servant while using his horse, teams, or vehicles, and acting within the scope of his employment." See **57 CJS 336, Master and Servant, § 575.**

194.    Where the breach of contract also involves a fraud evincing a "high degree of moral turpitude" and demonstrating "such wanton dishonesty as to imply a criminal indifference to civil obligations, punitive damages are recoverable if the conduct was "aimed at the public generally. See *Rocanova v. Equitable Life*, 83 N.Y.2d 603 (N.Y. 1994) at p. 613 quoting *Walker v. Sheldon*, 10 N.Y.2d 401 (N.Y. 1961) at p. 405.

195.    Under the doctrine of respondeat superior of the state of New York, Defendants Cube, Paul, Keaton, and DOES 1-10 are all liable to Plaintiff Arogant Hollywood for actual and punitive damages given their Cubesmart managers, supervisors, commercial tenants, district managers, third party agents, regional managers, employees, owners, co-owners, guests, visitors, and possibly others' gross and wanton conduct, and wanton dishonesty that resulted in extraordinary harm upon Plaintiff Arogant Hollywood as aforesaid.

196.    **WHEREFORE,** Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 on the fourth claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 44 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

## FIFTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983

### Fourteenth Amendment—Denial of Equal Protections of Laws

### (Against Christopher Paul Marr, Joel D. Keaton, Cubesmart LP & DOES 1-10).

197.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-196.

198.    Since at least May 29, 2022, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 had a company custom, policy, and procedure of permitting their employees to block gate code access for paid up to date Cubesmart tenants, in violation of the Fourteenth Amendment of the United States Constitution.

199.    The United States Constitution Amendment XIV, Section 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

200.    Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of Rev Stat 1979 (42 USC 1983), giving a right of action against a person who under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
*AROGANT HOLLYWOOD v. christopher p. marr., et al*

Federal Constitution.

201.    The Reconstruction Civil Rights Acts, enacted during the 1800s and 1870s, provide the right to bring an action in federal court for violations of federal civil rights by state or local officials, by private persons acting in concert with the state, or, in more limited situations, by private parties acting alone. The most important of these statutes is Section 1983. Section 1983 creates no substantive rights. Rather, it creates a vehicle for enforcing existing federal rights.

202.    The involvement of a policeman, a state official, whether or not his actions were lawful or authorized, in the alleged conspiracy would plainly provide the state action needed to show a direct violation of petitioner's Fourteenth Amendment rights entitling her to relief under § 1983, and private persons involved in such a conspiracy are "acting under color" of law and can be liable under § 1983, *Adickes v. Kress Co.*, 398 U.S. 144 (1970) at 152.

203.    Private persons may be liable under § 1983 if they willfully participate in joint action with state agents. See *Dennis v. Sparks*, 449 U.S. 24 (1980) at 29 quoting *United States v. Price*, 383 U.S. 787 (1966).

204.    A deprivation of Arogant Hollywood's federal rights by private citizens and private business entities Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 constituted state action because the government had (1) participated in joint activity to a degree that the actions of Defendants could be attributed to the actions of the Los Angeles County Sheriff's Department local law enforcement agency, all Defendants, and employees and managers of Cubesmart located at 301 Lemon Creek Drive, Walnut, California.

205.    The joint activity by private individuals and business entities Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10  and local municipality government

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 46 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

agency Los Angeles County Sheriff's Department, transformed all private Defendants into state actors.

206.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's Cubesmart Walnut, California employees and managers, and others established a conspiracy against Plaintiff Arogant Hollywood by reaching an understanding to deny Hollywood his constitutional civil rights. This understanding was done and conspired by Defendants conspiring with the Los Angeles County Sheriff's Department to physically remove and block Hollywood from entering and exiting  Defendants' 301 Lemon Creek Drive, Walnut, CA commercial self-storage location between May 29, 2022, and June 2, 2022, only.

207.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 and Cubesmart Walnut, California employees and managers' goal and objective was to force Hollywood out of their Cubesmart Walnut, CA self-storage facility location by physically arresting Hollywood and subjecting Plaintiff Hollywood to criminal arrest whenever he returned to the Cubesmart location between May 29, 2022, and June 3, 2022.

208.   Plaintiff Arogant Hollywood hereby allege a conspiracy to violate his constitutional civil rights because an agreement was made between Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10, Cubesmart Walnut, California employees, and local governmental municipality agency Los Angeles County Sheriff's Department.

209.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 & DOES 1-10 violated Plaintiff Arogant Hollywood's 14th Amendment rights by denying Plaintiff his constitutional rights to real property not being taken away without due process of law.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 47 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

210.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 violated Plaintiff Arogant Hollywood's 14th Amendment rights by blocking Hollywood's physical access to his self-storage unit between May 29, 2022, and June 2, 2022, only.

211.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 violated Plaintiff Arogant Hollywood's 14th Amendment rights by disabling his gate code access password between May 29, 2022, and June 2, 2022, only.

212.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 violated Plaintiff Arogant Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's Department to illegally lock Hollywood out of his Cubesmart self-storage unit while his rent was paid up, and without due process of law, between May 29, 2022, and June 2, 2022, only.

213.    As a further direct, foreseeable, and proximate result of said wrongful acts Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10. Plaintiff Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

214.    As alleged herein, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 were guilty of oppression and fraud, and Plaintiff Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants in an amount according to proof.

215.    As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Arogant Hollywood sustained injuries and

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 48 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

damages including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, and mental anguish.

216.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

217.   Where a liability arises against both a master and his servant in favor of a party injured by the sole negligence of the latter while acting for the master, such injured party may sue either the servant, primarily liable, or the master, secondarily liable, or both, in separate actions, as a judgment in his favor against one, until satisfied, is no bar to an action against the other, the injured party being entitled to full satisfaction from either the master or servant or from both. See *Wills v. Coal Co.*, 97 W. Va. 476 (W. Va. 1924) at p. 478, 53 **Am Jur 2d, Master and Servant, § 408, pp. 416-418, 92 ALR2d 533, § 3(b) pp. 539-540**, *Mid-Continent Pipeline Co v. Crauthers*, 267 P.2d 568 (Okla, 1959),

218.   Under the doctrine of respondeat superior, a master is liable for injury for the person or property of another proximately resulting from the acts of his servant done within the scope of his employment in the master's service.' See **57 CJS, Master and Servant, § 570a, p.294.**

219.   "The master will be liable for injuries to third persons willfully and wantonly inflicted by a servant while using his horse, teams, or vehicles, and acting within the scope of his employment." See **57 CJS 336, Master and Servant, § 575.**

220   Where the breach of contract also involves a fraud evincing a "high degree of moral turpitude" and demonstrating "such wanton dishonesty as to imply a criminal indifference to

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
*AROGANT HOLLYWOOD v. chistopher p. marr., et al*
–Page 49 of 84

civil obligations, punitive damages are recoverable if the conduct was "aimed at the public generally. See *Rocanova v. Equitable Life*, 83 N.Y.2d 603 (N.Y. 1994) at p. 613 quoting *Walker v. Sheldon*, 10 N.Y.2d 401 (N.Y. 1961) at p. 405.

221. Under the doctrine of respondeat superior of the state of Pennsylvania, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10are all liable to Plaintiff Arogant Hollywood for actual and punitive damages given their Cubesmart managers, supervisors, commercial tenants, district managers, third party agents, regional managers, employees, owners, co-owners, guests, visitors, and others' gross and wanton conduct, and wanton dishonesty that resulted in extraordinary harm upon Plaintiff Arogant Hollywood as aforesaid.

222. **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 on the fifth claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

**SIXTH CLAIM FOR RELIEF---NEGLIGENCE-- ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP, & DOES 1-10**

223. Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-222.

224. A cause of action for negligence in the state of Pennsylvania requires Plaintiff Arogant Hollywood establish (1) Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 owed a duty of care to Plaintiff Arogant Hollywood; (2) at least one or more of

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 50 of 84      *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

these Defendants breached that duty by a negligent act or omission; (3) the Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's breach was the actual and proximate cause of Plaintiff Arogant Hollywood injury(ies); and (4) Plaintiff Arogant Hollywood suffered an injury resulting from Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's breach. *R.W. v. Manzek*, 585 Pa. 335, 888 A.2d 740 (Pa. 2005)

225.   In the state of Pennsylvania's comparative negligence is governed by 42 Pa C.S.A. § 7102

226.   Under Pennsylvania's comparative negligence statute, 42 Pa C.S.A. § 7102, Pennsylvania is a modified comparative negligence state that follows the 51 percent modified comparative rule.

227.   Pennsylvania's comparative negligence laws, detailed in 42 Pa C.S.A. § 7102, provide that a plaintiff's fault does not bar them from recovery so long as they are less at fault than the defendant.

228.   Negligence is defined as conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm. **See Restatement, Torts, Section 282, Prosser Torts, p. 119.**

229.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions that violated Hollywood's civil rights pursuant to Title II of the Civil Rights Act of 1964.

230.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10

executed negligence by their deliberate, willful, and intentional tortious actions that violated Hollywood's civil rights pursuant to Title III of the American Disabilities Act of 1990.

231.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 violated federal laws and statutes by intentionally discriminating against Plaintiff Arogant Hollywood.

232.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of conspiring to violate Hollywood's constitutional 14th amendment rights by having a meeting of minds to cause deliberate emotional and psychological harm to a disabled Black man named Arogant Hollywood.

233.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of conspiring to violate Hollywood's constitutional rights pursuant to Title III of the American Disabilities Act of 1990 by having a meeting of minds to cause deliberate emotional and psychological harm to a disabled Black man named Arogant Hollywood.

234.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of conspiring to violate Hollywood's constitutional rights pursuant to Title VI of the Civil Rights Act of 1964 by having a meeting of minds to cause deliberate emotional and psychological harm to a disabled Black man named Arogant Hollywood.

235.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of ignoring numerous emails sent to them by Hollywood that warned them of legal action being taken

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 52 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

against them based on their 301 Lemon Creek Drive, Walnut, Ca employees and managers violating Hollywood's constitutional civil rights.

236.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of under the color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional 14th amendment rights.

237.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of under the color of law by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional civil rights pursuant to Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

238.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood being discriminated against at Defendants' 301 Lemon Creek Drive, Walnut, CA self-storage facility.

239.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to access the Walnut, CA Cubesmart's ADA accessible restroom.

240.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 53 of 84       *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to bring his disabled women to his self-storage facility so that she could access her personal property located inside of Hollywood's self-storage facility.

241.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in a homeless and disabled Hollywood to not be allowed to remain at his self-storage facility for a substantial amount of needed time.

242.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's 14th Amendment rights by denying him access to his self-storage facility between May 29, 2022, and June 3, 2022.

243.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's 14th Amendment rights by denying him access to his self-storage facility between May 29, 2022, and June 3, 2022.

244.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's 14th Amendment rights by disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

245.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 54 of 84      *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

executed negligence by their deliberate, willful, and intentional tortious actions of violating Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's Department to deny Hollywood access to his self-storage unit, D293.

246    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of conspiring with the Los Angeles County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

247.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of retaliating against Hollywood after Hollywood threatened to sue Defendants on May 29, 2022, for failing to unlock their Cubesmart Walnut, CA ADA accessible restroom.

248.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of retaliating against Hollywood by blocking him access to his self-storage unit between May 29, 2022, and June 3, 2022.

249.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

250.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions of failing to stop their Cubesmart Walnut, CA self-storage facility employees and managers from discriminating against Plaintiff Arogant Hollywood based on his physical, psychological, emotional, and mental disability.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 55 of 84    *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

251.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 executed negligence by her deliberate, willful, and intentional tortious actions of conspiring to violate Hollywood's civil rights based on his physical, psychological, emotional, and mental disability.

252.   From May 18, 2022, until June 3, 2022, Plaintiff Arogant Hollywood was a commercial self-storage facility tenant at Defendants ' Cubesmart Walnut, CA location located at 301 Lemon Creek Drive, Walnut, CA.

253.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently violate their 14th Amendment constitutional rights.

254.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently violate their rights protected under Title III of the American Disabilities Act of 1990.

255.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently violate their rights protected under Title VI of the Civil Rights Act of 1964.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 56 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

256.    At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently discriminate against them based upon their race.

257.    At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently discriminate against them based upon their race.

258.    At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently discriminate against them physical, psychological, emotional, and mental disability.

259.    In choosing to operate a nationwide commercial self-storage facility and REIT corporation open to the public, Defendants Paul, Keaton, Cube, and DOES 1-10 undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees, franchise owners, third party agents, managers, district managers, regional managers, supervisors, and 1099 contractors.

260.    From May 29, 2022, and June 3, 2022, Defendants Paul, Keaton, Cube, and DOES 1-10 operated and supervised United States, California business functions of all nationwide Cubesmart self-storage facility location employees; AND (c) otherwise was legally responsible for the activities and business functions of all Cubesmart self-storage facility locations and the

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 57 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

safety and well-being of all United States citizens, including their customers, employees, tenants, guests, and any person that may encounter any of their employees. Defendants owed a duty to Plaintiff Arogant Hollywood to conduct . business functions, operations, and activities with reasonable care.

261. Defendants Paul, Keaton, Cube, and DOES 1-10 owed a duty to Plaintiff Arogant Hollywood to not discriminate against him based upon his race, to not discriminate against him based upon this physical, mental, emotional, and psychological disabilities, and to not conspire to violate Hollywood's civil rights.

262. Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants failing to stop their Cubesmart Walnut, CA self-storage facility employees from discriminating against Plaintiff Arogant Hollywood based on his race.

263. Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants failing to stop their Cubesmart Walnut, CA self-storage facility employees from discriminating against Plaintiff Arogant Hollywood based on his physical, psychological, emotional, and mental disability.

264. Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants acting under the color of law while violating Hollywood's civil rights.

265. Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 58 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

conspiring to lock Hollywood out of his Cubesmart self-storage unit between May 29, 2022, and June 3, 2022.

266.    Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants violating Hollywood's 14th amendment rights.

267.    Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants violating Hollywood' rights protected under Title III of the American Disabilities Act of 1990.

268.    Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants disabling Hollywood's Cubesmart gate code access password between May 29, 2022, and June 3, 2022.

269.    Defendants Paul, Keaton, Cube, and DOES 1-10 by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants blocking Hollywood access to his Cubesmart self-storage unit between May 29, 2022, and June 3, 2022.

270.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants instructing their Cubesmart Walnut, CA self-storage facility employees to physically trespass Arogant Hollywood from their Cubesmart location between May 29, 2022, and June 2, 2022.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 59 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

271.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants instructing their Cubesmart Walnut, CA self-storage facility employees to not unlock the ADA restrooms between May 29, 2022, and June 2, 2022.

272.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants conspiring with the Los Angeles County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

273.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants conspiring to violate the Civil Rights of Arogant Hollywood based upon his race.

274.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants conspiring to violate the American Disabilities Act of 1990 rights of Arogant Hollywood based on his physical, psychological, emotional, and mental disability.

275.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants conspiring with the Los Angeles County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 60 of 84        AROGANT HOLLYWOOD v. chistopher p. marr., et al

3, 2022.

276.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants ignoring numerous emails sent to them by Hollywood that warned them of legal action being taken against them based on their 301 Lemon Creek Drive, Walnut, CA employees and managers violating Hollywood's constitutional civil rights.

277.    Defendants Paul, Keaton, Cube, and DOES 1-10 breached their duty to Plaintiff Hollywood by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Plaintiff Arogant Hollywood experiencing emotional distress, anxiety, psychological harm, mental distress, and physical pain from the civil rights violations of all Defendants alleged herein.

278.    Defendants Paul, Keaton, Cube, and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions that violated state law regulations and federal laws.

279.    As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Arogant Hollywood sustained injuries and damages including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, and mental anguish.

280.    Defendants Paul, Keaton, Cube, and DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 61 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

281.   Where a liability arises against both a master and his servant in favor of a party injured by the sole negligence of the latter while acting for the master, such injured party may sue either the servant, primarily liable, or the master, secondarily liable, or both, in separate actions, as a judgment in his favor against one, until satisfied, is no bar to an action against the other, the injured party being entitled to full satisfaction from either the master or servant or from both. See *Wills v. Coal Co.*, 97 W. Va. 476 (W. Va. 1924) at p. 478, 53 **Am Jur 2d, Master and Servant, § 408, pp. 416-418, 92 ALR2d 533, § 3(b) pp. 539-540,** *Mid-Continent Pipeline Co v. Crauthers*, 267 P.2d 568 (Okla, 1959)

282.   Under the doctrine of respondeat superior, a master is liable for injury for the person or property of another proximately resulting from the acts of his servant done within the scope of his employment in the master's service.' See **57 CJS, Master and Servant, § 570a, p.294.**

283.   "The master will be liable for injuries to third persons willfully and wantonly inflicted by a servant while using his horse, teams, or vehicles, and acting within the scope of his employment." See **57 CJS 336, Master and Servant, § 575.**

284.   Under the doctrine of respondeat superior of the state of Pennsylvania, Defendants Defendants Paul, Keaton, Cube, and DOES 1-10 are all liable to Plaintiff Arogant Hollywood for actual and punitive damages given their Cubesmart managers, supervisors, commercial tenants, district managers, third party agents, regional managers, employees, owners, co-owners, guests, visitors, and possibly others' gross and wanton conduct, and wanton dishonesty that resulted in extraordinary harm upon Plaintiff Arogant Hollywood as aforesaid.

285.   Pursuant to Pennsylvania State Law Plaintiff Arogant Hollywood hereby prays for and demands that the court award his compensatory damages, special damages, and general damages for all the above stated Defendants intentional acts of the Pennsylvania Tort of negligence.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 62 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

286.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10 on the sixth claim for relief of Plaintiff Arogant Hollywood's original civil rights complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

**SEVENTH CLAIM FOR RELIEF---NEGLIGENCE PER SE AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP, & DOES 1-10.**

287.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-286.

288.   Negligence per se means negligence in itself. In a torts case, a defendant who violates a statute or regulation without an excuse is automatically considered to have breached her duty of care and is therefore negligent as a matter of law. As a result, the only thing that must be proven at trial is whether the violation was the cause in fact and proximate cause of the plaintiff's injury. According to **Restatement (Third) of Torts §14**, an actor is negligent per se if she violates a statute that is designed to protect against the type of accident or harm caused by her conduct, and the plaintiff is someone the statute is designed to protect.

289.   Violation of statutory duty of care constitutes negligence per se. See Pa. Suggested Standard Civil Jury Instruction 3:30; Restatement (Second) of Torts § 288B(1)

290.   As alleged herein, from May 18, 2022, to June 3, 2022, Plaintiff Hollywood was a commercial self-storage tenant at Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's Cubesmart self-storage facility location located at 301 Lemon Creek Drive, Walnut, CA. At that time Defendants were operating a nationwide self-storage facility and REIT corporation location where Plaintiff Hollywood was intentionally discriminated

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 63 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

against based upon his race and based upon Hollywood's numerous physical, emotional, mental, and psychological disabilities.

291.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's Cubesmart negligent operation of their Cubesmart self-storage facility location at 301 Lemon Creek Drive, Walnut, CA, without otherwise adhering to the requirements of the law, constituted violations of 42 U.S.C. § 12101, 42 U.S.C. § 12203(b), 42 U.S.C. § 1985,  42 U.S.C. § 1986, Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

292.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's gross negligence of failing to stop their Cubesmart employees from discriminating against Plaintiff Arogant Hollywood based on his race, was negligent per se because Defendants' Cubesmart Walnut, CA location employees' actions violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 1985, and 42 U.S.C. § 1986.

293.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's gross negligence of failing to stop their Cubesmart Walnut, California employees from discriminating against Plaintiff Arogant Hollywood based on his physical, psychological, emotional, and mental disability, was negligent per se because Defendants' Cubesmart Walnut, CA location's employees' actions violated 42 U.S.C. § 12101, 42 U.S.C. § 12203(b), and Title III of the American Disabilities Act of 1990.

294.    Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's gross negligence of Defendants condoning and approving the trespassing of Hollywood from the Cubesmart location at 301 Lemon Creek Drive, Walnut, CA, was negligent per se because Defendants' Cubesmart Walnut, CA location employees' actions violated 42 U.S.C. § 12101, 42

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 64 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

U.S.C. § 12203(b), 42 U.S.C. § 1985, 42 U.S.C. § 1986, Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

295. Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's gross negligence of Defendants allowing their Cubesmart employees to trespass Arogant Hollywood by employing the manpower of the violent and deadly Los Angeles County Sheriff's Department law enforcement agency was negligent per se because Defendants' Cubesmart Walnut, CA's location employees' actions violated 42 U.S.C. § 12101, 42 U.S.C. § 12203(b), 42 U.S.C. § 1985, 42 U.S.C. § 1986, Title II of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

296. Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's gross negligence of Defendants deliberately and intentionally failing to respond to Hollywood's emails in which Hollywood reported to all Defendants the racial and disability discrimination he experienced at the Cubesmart self-storage facility location located at 301 Lemon Creek Drive, Walnut, CA on numerous occasions between May 18, 2022 until June 3, 2022 violated 42 U.S.C. § 12101, 42 U.S.C. § 12203(b), 42 U.S.C. § 1985, 42 U.S.C. § 1986, Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

297. Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's deliberate and intentional interference with the protected rights of Plaintiff Arogant Hollywood was negligence per because Defendants' actions were in direct violation of 42 U.S.C. § 12101, 42 U.S.C. § 12203(b), 42 U.S.C. § 1985, 42 U.S.C. § 1986, Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

298. Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's deliberate and intentional discrimination of Arogant Hollywood was negligence per because their actions were in direct violation of 42 U.S.C. § 12101, 42 U.S.C. § 12203(b), 42 U.S.C. §

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 65 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

1985, 42 U.S.C. § 1986, Title VI of the Civil Rights Act of 1964, and Title III of the American Disabilities Act of 1990.

299.   The injuries suffered by Plaintiff Arogant Hollywood at the hands of Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's in this case was an occurrence of which the state of Pennsylvania statutes, federal statutes, federal laws, and federal regulations were designed to prevent, and Plaintiff Hollywood is within the class of persons whom such statutes and regulations are intended to protect.

300.   As a direct and proximate result Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's negligence per se, Plaintiff Hollywood has suffered numerous violations to his constitutional civil rights, and he is therefore hereby entitled to recover compensatory damages, general damages, and special damages in an amount according to proof.

301.   As alleged herein, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's was guilty of oppression and fraud, and Plaintiff Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants in an amount according to proof.

302.   As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Arogant Hollywood sustained injuries and damages including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, and mental anguish.

303.   Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's is liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence,

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 66 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

304.    Where a liability arises against both a master and his servant in favor of a party injured by the sole negligence of the latter while acting for the master, such injured party may sue either the servant, primarily liable, or the master, secondarily liable, or both, in separate actions, as a judgment in his favor against one, until satisfied, is no bar to an action against the other, the injured party being entitled to full satisfaction from either the master or servant or from both. See *Wills v. Coal Co.*, 97 W. Va. 476 (W. Va. 1924) at p. 478, 53 **Am Jur 2d, Master and Servant, § 408, pp. 416-418, 92 ALR2d 533, § 3(b) pp. 539-540**, *Mid-Continent Pipeline Co v. Crauthers*, 267 P.2d 568 (Okla, 1959),

305.    Under the doctrine of respondeat superior, a master is liable for injury for the person or property of another proximately resulting from the acts of his servant done within the scope of his employment in the master's service.' See **57 CJS, Master and Servant, § 570a, p.294.**

306.    "The master will be liable for injuries to third persons willfully and wantonly inflicted by a servant while using his horse, teams, or vehicles, and acting within the scope of his employment." See **57 CJS 336, Master and Servant, § 575.**

307.    Under the doctrine of respondeat superior of the state of Pennsylvania, Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's are all liable to Plaintiff Arogant Hollywood for actual and punitive damages given their Cubesmart managers, supervisors, commercial tenants, district managers, third party agents, regional managers, employees, owners, co-owners, guests, visitors, and others' gross and wanton conduct, and wanton dishonesty that resulted in extraordinary harm upon Plaintiff Arogant Hollywood as aforesaid.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 67 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

308.    Pursuant to Pennsylvania State Law Plaintiff Arogant Hollywood hereby prays for and demands that the court award his compensatory damages, special damages, and general damages for all the above stated Defendants intentional acts of the Pennsylvania Tort of negligence per se.

309.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's on the seventh claim for relief of Plaintiff Hollywood's civil rights complaint in the amount that will justly compensate Arogant Hollywood for his damages, together with costs and attorneys' fees in this action.

**EIGHTH CLAIM FOR RELIEF--- GROSS NEGLIGENCE AS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CHRISTOPHER PAUL MARR, JOEL D. KEATON, CUBESMART LP, & DOES 1-10.**

310.    Plaintiff Arogant Hollywood allege and incorporate by reference paragraphs 1-309.

311.    As alleged herein, from May 18, 2022, to June 3, 2022, Plaintiff Hollywood was a commercial self-storage tenant at Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's Cubesmart self-storage facility location located at 301 Lemon Creek Drive, Walnut, CA.

312.    At that time Defendants were operating a nationwide self-storage facility and REIT corporation location where Plaintiff Hollywood was intentionally discriminated against based upon his race and based upon Hollywood's numerous physical, emotional, mental, and psychological disabilities.

313.   From May 18, 2022, until June 3, 2022, Plaintiff Arogant Hollywood was a commercial self-storage facility tenant at Defendants ' Cubesmart Walnut, CA location located at 301 Lemon Creek Drive, Walnut, CA.

314.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently violate their 14th Amendment constitutional rights.

315.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently violate their rights protected under Title III of the American Disabilities Act of 1990.

316.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently violate their rights protected under Title VI of the Civil Rights Act of 1964.

317.   At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently discriminate against them based upon their race.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 69 of 84          *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

318.    At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently discriminate against them based upon their race.

319.    At that said time of all Hollywood's allegations made throughout this civil rights complaint Defendants Paul, Keaton, Cube, and DOES 1-10 were the owners and operators of the Cubesmart Walnut, California self-storage facility located at 301 Lemon Creek Drive, Walnut, CA. (a) Defendants owed a duty to all Cubesmart tenants and guests to not negligently discriminate against them physical, psychological, emotional, and mental disability.

320.    In choosing to operate a nationwide commercial self-storage facility and REIT corporation open to the public, Defendants Paul, Keaton, Cube, and DOES 1-10 undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees, franchise owners, third party agents, managers, district managers, regional managers, supervisors, and 1099 contractors.

321.    From May 18, 2022, and June 3, 2022, Defendants Paul, Keaton, Cube, and DOES 1-10 operated and supervised United States, California business functions of all nationwide Cubesmart self-storage facility location employees; AND (c) otherwise was legally responsible for the activities and business functions of all Cubesmart self-storage facility locations and the safety and well-being of all United States citizens, including their customers, employees, tenants, guests, and any person that may encounter any of their employees. Defendants owed a duty to Plaintiff Arogant Hollywood to conduct . business functions, operations, and activities with reasonable care.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 70 of 84          *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

322.    Defendants Paul, Keaton, Cube, and DOES 1-10 owed a duty to Plaintiff Arogant Hollywood to not discriminate against him based upon his race, to not discriminate against him based upon this physical, mental, emotional, and psychological disabilities, and to not conspire to violate Hollywood's civil rights.

323.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by conspiring to violate Hollywood's constitutional 14th amendment rights by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named Arogant Hollywood.

324.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by conspired to violate Hollywood's constitutional civil rights pursuant to Title VI of the Civil Rights Act of 1964 by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named Arogant Hollywood.

325.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by conspiring to violate Hollywood's constitutional civil rights pursuant to Title III of the American Disabilities Act of 1990 by having a meeting of minds to cause intentional emotional and psychological harm to a disabled Black man named Arogant Hollywood.

326.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by ignoring numerous emails sent to them by Hollywood that warned them of legal action being taken against them based on their 301 Lemon Creek Drive, Walnut, CA employees and managers violating Hollywood's constitutional civil rights.

327.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by acted under the color of law by conspiring with the Los Angeles County Sheriff's Department and

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 71 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Cubesmart Walnut, California employees and managers to violate Hollywood's constitutional 14th amendment rights.

328.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional civil rights protected under Title VI of the Civil Rights Act of 1990.

329.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by conspiring with the Los Angeles County Sheriff's Department to violate Hollywood's constitutional civil rights protected under Title III of the American Disabilities Act of 1990.

330.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violated Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood being discriminated against at Defendants' 301 Lemon Creek Drive, Walnut, CA self-storage facility.

331.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to access the Walnut, CA Cubesmart's ADA accessible restroom.

332.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood being discriminated against at Defendants' 301 Lemon Creek Drive, Walnut, CA self-storage facility.

333.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
-Page 72 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

procedures that resulted in Hollywood not being able to access the Walnut, CA Cubesmart's ADA accessible restroom.

334.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in Hollywood not being able to bring his disabled women to his self-storage facility so that she could access her individual property located inside of Hollywood's self-storage facility.

335.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's ADA civil rights by failing to modify Cubesmart's corporate policies and procedures that resulted in a homeless and disabled Hollywood to not be allowed to remain at his self-storage facility for a substantial amount of needed time.

336.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's 14th Amendment rights by denying him access to his self-storage facility between May 29, 2022, and June 3, 2022.

337.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's 14th Amendment rights disabling his Cubesmart self-storage facility gate code between May 29, 2022, and June 3, 2022.

338.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's Department to deny Hollywood access to his self-storage unit, D293.

339.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 73 of 84         AROGANT HOLLYWOOD v. chistopher p. marr., et al

Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

340.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by retaliating against Hollywood after Hollywood threatened to sue Defendants on May 29, 2022, for failing to unlock their Cubesmart Walnut, CA ADA accessible restroom.

341.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by violating Hollywood's 14th Amendment rights by conspiring with the Los Angeles County Sheriff's Department to overlock Hollywood's self-storage unit, D293 between May 29, 2022, and June 3, 2022.

342.    Defendants Paul, Keaton, Cube, and DOES 1-10 were grossly negligent by retaliating against Hollywood after Hollywood threatened to sue Defendants on May 29, 2022, for failing to unlock their Cubesmart Walnut, CA ADA accessible restroom.

343.    As a direct and proximate result Defendants Paul, Keaton, Cube, and DOES 1-10's gross negligence, Plaintiff Hollywood has suffered numerous violations to his constitutional civil rights, and he is therefore hereby entitled to recover compensatory damages in an amount according to proof.

344.    As alleged herein, Defendants Paul, Keaton, Cube, and DOES 1-& DOES 1-10 were guilty of oppression and fraud, and Plaintiff Hollywood should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants in an amount according to proof.

345.    As a direct and proximate result of the negligence, recklessness, gross negligence,

willfulness, and wantonness as aforesaid, Plaintiff Arogant Hollywood sustained injuries and damages including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, and mental anguish.

346.    Defendants  Paul, Keaton, Cube, and & DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, criminal indifference to civil obligations, and wantonness.

347.    Where a liability arises against both a master and his servant in favor of a party injured by the sole negligence of the latter while acting for the master, such injured party may sue either the servant, primarily liable, or the master, secondarily liable, or both, in separate actions, as a judgment in his favor against one, until satisfied, is no bar to an action against the other, the injured party being entitled to full satisfaction from either the master or servant or from both. *Wills v. Coal Co.*, 97 W. Va. 476 (W. Va. 1924) at p. 478, 53 **Am Jur 2d, Master and Servant, § 408, pp. 416-418, 92 ALR2d 533, § 3(b) pp. 539-540**, *Mid-Continent Pipeline Co v. Crauthers*, 267 P.2d 568 (Okla, 1959).

348.    Under the doctrine of respondeat superior, a master is liable for injury for the person or property of another proximately resulting from the acts of his servant done within the scope of his employment in the master's service.' See **57 CJS, Master and Servant, § 570a, p.294.**

349.    "The master will be liable for injuries to third persons willfully and wantonly inflicted by a servant while using his horse, teams, or vehicles, and acting within the scope of his employment." See **57 CJS 336, Master and Servant, § 575.**

350.    Under the doctrine of respondeat superior of the state of Pennsylvania, Defendants  Paul,

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 75 of 84          *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

Keaton, Cube, and & DOES 1-10 are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their Cubesmart managers, supervisors, commercial tenants, district managers, third party agents, regional managers, employees, owners, co-owners, guests, visitors, and possibly others' gross and wanton conduct, and wanton dishonesty that resulted in extraordinary harm upon Plaintiff Arogant Hollywood as aforesaid.

351.    Pursuant to Pennsylvania State Law Plaintiff Arogant Hollywood hereby prays for and demands that the court award his compensatory damages, special damages, and general damages for all the above stated Defendants intentional acts of the Pennsylvania Tort of gross negligence.

352.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's on the eighth claim for relief of Plaintiff Hollywood's civil rights complaint in the amount that will justly compensate Arogant Hollywood for his damages, together with costs and attorneys' fees in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Arogant Hollywood respectively prays for judgment on the above-alleged claims for relief against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's

1.    Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper.

2.    Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's misconduct alleged in this civil rights complaint.

3.    Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discrimination behavior.

4.    Pursuant to 42 U.S.C. § 1983, award compensatory damages, special damages, and general damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's misconduct alleged in this civil rights complaint.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 77 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

5.    Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

6.    Pursuant to 42 U.S.C. § 1985, award compensatory damages, special damages, and general damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's & DOES 1-10's misconduct alleged in this civil rights complaint.

7.    Pursuant to 42 U.S.C. § 1985, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

8.    Pursuant to 42 U.S.C. § 1986, award compensatory damages, special damages, and general damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's misconduct alleged in this civil rights complaint.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 78 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

9.  Pursuant to 42 U.S.C. § 1986, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, which would punish Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

10. Pursuant to 42 U.S.C. § 12203(b), award compensatory damages, special damages, and general damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's misconduct alleged in this civil rights complaint.

11. Pursuant to 42 U.S.C. § 12203(b), award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

12. Award Plaintiff Arogant Hollywood general damages (non-economic), special damages (economic), actual and compensatory damages in an amount to be determined at trial to compensate him for the Pennsylvania tort of negligence as alleged against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's & DOES 1-10

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 79 of 84          *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

13. Award Plaintiff Arogant Hollywood general damages (non-economic), special damages (economic), actual and compensatory damages in an amount to be determined at trial to compensate him for the Pennsylvania tort of negligence per se as alleged against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10.

14. Award Plaintiff Arogant Hollywood general damages (non-economic), special damages (economic), actual and compensatory damages in an amount to be determined at trial to compensate him for the Pennsylvania tort of gross negligence as alleged against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's & DOES 1-10

15. Award Plaintiff Arogant Hollywood statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish for their malicious, willful, wanton, callous, and reckless conduct and effectively deter Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's & DOES 1-10 from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990, in the future.

16. Award Plaintiff Arogant Hollywood general damages (non-economic), special damages (economic), actual and compensatory damages against Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's & DOES 1-10ncluding damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 8,000,000** or such greater amount as may be set by a jury.

Verified Original Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages, Injunctive Relief, and Declaratory Relief for Violation of Title III of the American with Disabilities Act of 1990 [42 U.S.C. §§ 12101 12203(b), Title VI of the Civil Rights Act of 1964[ 42 U.S.C. §§ 1983, 1985, & 1986.
–Page 80 of 84        *AROGANT HOLLYWOOD v. chistopher p. marr., et al*

17. Award Plaintiff Arogant Hollywood medical, incidental, and hospital expenses according to proof.

18. Award Plaintiff Arogant Hollywood consequential damages in a sum reasonable to proof.

19. Award Plaintiff Arogant Hollywood punitive damages in the amount of **$ 75,000,000** to impress upon Defendants Christopher Paul Marr, Joel D. Keaton, Cubesmart LP, and DOES 1-10's & DOES 1-10, & DOES 1-10 to the seriousness of their egregious conduct and to deter similar conduct in the future.

20. Award Plaintiff Arogant Hollywood general damages and special damages for pain and suffering, mental, and emotional trauma and anguish, as alleged herein according to proof.

21. Award Plaintiff Arogant Hollywood prejudgment and post-judgement interest.

22. Pursuant to 42 U.S.C. § 1983, *et seq*, 42 U.S.C. § 12203(b), *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Arogant Hollywood his reasonable attorneys' fees and costs.

23. Award Plaintiff Arogant Hollywood his reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law.

24 Order all other and further relief as the Court may deem equitable, just, and proper..

25. To preliminary and permanently enjoin Defendants from auctioning Plaintiff Arogant Hollywood individual property in the near future.

26.    Enter a permanent injunction directing Defendants to rent, negotiate and accept rental payments from Plaintiff at his real property premises 301 Lemon Creek Drive, Walnut, CA: Units # D293, Walnut, CA, 91789.

27.    Enter a permanent injunction directing Defendants to cease blocking Arogant Hollywood access to his self-storage unit located at 301 Lemon Creek Drive, Walnut, CA: Units # D293, Walnut, CA, 91789.

28.    Order all other and further relief as the Court may deem equitable, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Arogant Hollywood demands a trial by jury for all issues triable by jury.

**Respectfully Submitted,**

**DATED:  June 6, 2022**

_(signature)_

**Arogant Hollywood**

## VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD

United States of America

State of California

City of Walnut, California, Within the County of Los Angeles

I, **AROGANT HOLLYWOOD**, being duly sworn, say:

I, **AROGANT HOLLYWOOD**, am the lead Plaintiff in the above-entitled action and proceeding. I have read the foregoing:

**VERIFIED ORIGINAL CIVIL RIGHTS COMPLAINT FOR GENERAL DAMAGES, COMPENSATORY DAMAGES, SPECIAL DAMAGES, INJUNCTIVE AND DECLARATORY RELIEF for:**

**VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. §§ 1983, 1985 & 1986];VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE, & GROSS NEGLIGENCE.**

and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently

testify as to the matters stated herein.

**I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

DATED:  **June 6, 2022**

Arogant Hollywood, Plaintiff in Federal Pro-Se Litigation

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

PS10001000006

EP13F May 2020
OD: 12 1/2 x 9 1/2



**UNITED STATES POSTAL SERVICE®** | **PRIORITY MAIL EXPRESS®**

EI 329 516 902 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)  PHONE ( 323 200-4449

Arogant Hollywood
1308 East Colorado Blvd.
Pasadena, CA 91106

RECEIVED

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED *Note:* The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)  PHONE ( )

James A. Byrne Courthouse
601 Market Street
Philadelphia, PA 19106

ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT (if applicable)**

USPS® Corporate Acct. No. | Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

☐ 1-Day ☐ 2-Day ☐ Military ☐ DPO

PO ZIP Code: 91789 | Scheduled Delivery Date (MM/DD/YY): 6-7-22 | Postage: $ 26-95

Date Accepted (MM/DD/YY): 6-6-22 | Scheduled Delivery Time: ☑ 3:00 PM | Insurance Fee $ | COD Fee $

Time Accepted: 15:13 ☐ AM ☑ PM | Return Receipt Fee $ | Live Animal Transportation Fee $

Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ 26-95

Weight: lbs. 16 ozs. ☑ Flat Rate | Acceptance Employee Initials

**DELIVERY (POSTAL SERVICE USE ONLY)**

Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature

LABEL 11-B, MAY 2021 | PSN 7690-02-000-9996

**UNITED STATES POSTAL SERVICE®**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; May 2020; All rights reserved.